IN THE DISTRICT COURT OF WAGONER COUNTY
STATE OF OKLAHOMA

ERICKA VANDEVENTER, an Individual, )
)
                 Plaintiff, )   Case No. CJ-17-253
)
vs )   *Attorney's Lien Claimed.*
)
SERINA VACIN, an Individual, and/or )
COUNTRY PREFERRED INSURANCE )
COMPANY, a Foreign Insurance Company )
and/or COUNTRY MUTUAL )
INSURANCE COMPANY, a Foreign )
Insurance Company, )
)
                 Defendants. )

[Filed stamp: WAGONER COUNTY FILED IN DISTRICT COURT JAMES E. HIGHT COURT CLERK 2017 AUG 24 PM 4:15]

## PETITION

COMES NOW, the Plaintiff, ERICKA VANDEVENTER, by and through her attorneys of record, Jack G. Zurawik of the ZURAWIK LAW FIRM and Timothy Clancy of CLANCY & THOMPSON, PLLC, and hereby allege and state as follows:

1. That Plaintiff, ERICKA VANDEVENTER (hereinafter referred to as "VANDEVENTER"), is and was a resident of the City of Broken Arrow, Wagoner County, State of Oklahoma at all material times hereto.

2. That Defendant, SERINA VACIN (hereinafter referred to as "VACIN".) is and was a resident of the City of Broken Arrow, State of Oklahoma at all material times hereto.

3. That Defendants, COUNTRY PREFERRED INSURANCE COMPANY (hereinafter referred to as "CPIC") and COUNTY MUTUAL INSURANCE COMPANY (hereinafter referred to an "CMIC"), are and were foreign insurance companies doing business in the State of Oklahoma at all times material hereto.

4. That the collision complained of occurred in the City of Broken Arrow, Wagoner County, State of Oklahoma

5. That as a result of the above this Court has jurisdiction over this matter.

6. That on or about August 28, 2015, VANDEVENTER was traveling North on North 37th Street. VACIN was traveling West on East 46th Street with an intention to turn left on across traffic onto North 37th Street. VACIN negligently and recklessly pulled out from a traffic control device into the path of the vehicle being driven by VANDEVENTER causing a collision between the two vehicles.

7. That VACIN made a conscious unsafe, dangerous, and reckless choice to drive the car she was operating into VANDEVENTER'S path of travel in violation of the Oklahoma Rules of the Road.

8. That VANDEVENTER sustained injuries in the collison through no fault of her own.

9. That the City of Broken Arrow Police Department investigated the collison and found VACIN did not yield the right of way and was responsible for the collision.

10. That VACIN's negligent, reckless, and unsafe choices putting innocent travelers in needless danger are sufficient to warrant the imposition of punitive damages.

11. That as a result of Defendant VACIN's negligence and recklessness in this collision VANDEVENTER was injured severely and suffered the following damages:

    a) Physical pain and suffering, past and future;

    b) Mental pain and suffering, past and future;

    c) Permanent injuries of a severe nature;

    d) Physical impairment;

    e) Disfigurement;

    f) Loss of earnings;

    g) Diminished earning capacity;

    h) Medical costs for care, treatment, and service, past and future;

    i) Any and all other damages that this Court deems proper and reasonable, based upon the evidence submitted at the time of trial.

12. That at the time of collision VANDEVENTER was an insured of CPIC and/or CMIC under a motor vehicle policy issued to DARRIN DUNGAN which policy contained medical payments coverage.

13. That at the time of collision VANDEVENTER was an insured of CPIC and/or CMIC under a motor vehicle policy issued to DARRIN DUNGAN which policy contained uninsured/undersinsured motorist coverage.

14. That VANDEVENTER'S injuries are of a sufficient magnitude to justify the payment of all of the medical payments and uninsured/undersinsured coverage available under the policy issued to DARRIN DUNGAN.

15. That VANDEVENTER is entitled to benefits under the motor vehicle policy between CPIC and/or CMIC and DARRIN DUNGAN.

16. That CPIC and/or CMIC made payments under the medical payments provision of the automobile policy issued to DARRIN DUNGAN.

17. That at the time of the collision, VACIN was an underinsured motorist under the terms of the relevant coverages and statutes involved.

18. That liability of the medical payments and undersinsured motorist policy

for both actual and punitive damages to VANDEVENTER is reasonably clear under the facts and law of the case.

19. That CPIC and/or CMIC owed VANDEVENTER a duty of good faith and fair dealing in the handling of her case arising from this collision.

20. That VANDEVENTER made a timely claim to CPIC and/or CMIC under the provisions for medical payments and uninsured/underinsured motorist coverages.

21. That VANDEVENTER'S claim clearly exceeds the policy limits available for the negligent actions and/or inactions of VACIN in this collision.

22. That CPIC and/or CMIC failed to make a settlement offer to VANDEVENTER.

23. That CPIC and/or CMIC through the actions and/or inactions of its agents and/or employees has unreasonably failed to deal fairly with its insured, VANDEVENTER, and breached their duty to deal fairly and in good faith in one or more of the following particulars:

   a) CPIC and/or CMIC failed to properly and fully investigate the facts of the claim;

   b) CPIC and/or CMIC failed to follow its instructional and procedural manuals regarding investigation and evaluation of claims;

   c) CPIC and/or CMIC failed to properly and fully investigate and evaluate the law as it relates to the facts of this claim;

   d) CPIC and/or CMIC compelled its insured to institute litigation to recover amounts due under coverages of insurance where it is reasonably clear that

additional amounts due under the coverages should have been paid by Philadelphia;

e) CPIC and/or CMIC failed to develop proper claims handling procedures and/or utilize those procedures in this claim;

f) CPIC and/or CMIC failed to properly train the claims representatives involved in this claim;

g) CPIC and/or CMIC attempted to manufacture and/or create issues and/or defenses to compromise the duty to pay the claim;

h) CPIC and/or CMIC failed to negotiate or make an offer to settle VANDEVENTER'S claim;

All of which are a direct cause of damages to VANDEVENTER.

24. That as a direct cause of CPIC and/or CMIC's conscious actions and/or inactions and conduct VANDEVENTER suffered delay and loss of coverage benefits to which she is entitled.

25. That as a further direct consequence of CPIC and/or CMIC's conscious actions and/or inactions and conduct VANDEVENTER suffered consequential damages.

26. Further, the conscious actions and/or inactions and conduct of CPIC and/or CMIC are oppressive, malicious, grossly negligent, willful, wanton, and with utter and reckless disregard for the contractual and legal rights of VANDEVENTER entitling VANDEVENTER to punitive damages.

WHEREFORE, Plaintiff, VANDEVENTER, demands judgment against Defendant, VACIN, in an amount in excess of $75,000.00, pre-judgment and post-judgment interest, punitive and exemplary damages, attorneys fees, costs, and all other

relief which this Court deems appropriate in law and equity and VANDEVENTER demands judgment against CPIC and/or CMIC for the full amount of the medical payments and underinsured motorist coverage in excess of $75,000.00, pre-prejudgment and post-judgment interest, punitive and exemplary, a reasonable attorneys fee and costs; and for such further and equitable relief as this Court deems just and proper.

Dated this 24th day of August, 2017.

ZURAWIK LAW FIRM

By: _____
Jack G. Zurawik, OBA# 11588
Zurawik Law Firm
P.O. Box 35346
Tulsa, Oklahoma 74153-0346
Voice: (918) 664-1113
Facsimile: (918) 622-2752
E-Mail: jack@jgzlaw.com

AND

CLANCY & THOMPSON

By _____
Timothy Clancy, OBA #14199
5801 E. 41st Street, Suite 710
Tulsa, Oklahoma 74135
Voice: (918) 494 0007
Facsimile: (918) 515 7555
E-mail: tim@ctlawtulsa.com

Attorney Lien Claimed
ATTORNEYS FOR PLAINTIFF